SOUTHERN INDIANA HEALTH
SYSTEMS AGENCY, INC.,
Plaintiff-Appellant,

v.

The STATE BOARD OF HEALTH as the
Designated Planning Agency,

Welborn Memorial Baptist Hospital,
Incorporated, Defendants-Appellees.

No. 1–678A183.

Court of Appeals of Indiana,
First District.

July 10, 1979.

Hugo C. Songer, Inglehart, Hewins & Songer, Evansville, for plaintiff-appellant.

D. Bailey Merrill, Merrill, Schroeder & Johnson, Evansville, Wm. S. Hall, Hall, Render & Helbert, and John C. Render, Indianapolis, for defendants-appellees.

LOWDERMILK, Presiding Judge.

STATEMENT OF THE CASE

Plaintiff Southern Indiana Health Systems Agency, Inc. petitioned the Vanderburgh Circuit Court for judicial review of the recommendation by defendant State Board of Health to the Secretary of the

United States Department of Health, Education and Welfare that defendant Welborn Memorial Baptist Hospital, Incorporated be reimbursed with federal funds for certain expenses related to a proposed capital expenditure. The court dismissed the petition for judicial review upon the motions of the defendants, and plaintiff appeals.

We affirm.

## STATEMENT OF THE FACTS

Southern Indiana Health Systems Agency, Inc. is the health systems agency (HSA)[1] for an area including Vanderburgh County, Indiana. The Indiana State Board of Health is the designated planning agency (DPA)[2] with regard to health care facilities in Indiana, and it was conditionally designated the State health planning and development agency (State Agency)[3] during the time period involved in the case at bar. Welborn Memorial Baptist Hospital, Incorporated (Welborn) is a general hospital in Evansville, Indiana.

Welborn filed an application with the HSA on April 21, 1977, and an addendum on June 28, 1977, seeking approval by the HSA and the DPA of the proposed purchase of a Computerized Axial Tomographic Scanner (CT scanner). Approval by the DPA was necessary if Welborn wished to be reimbursed for expenses related to the CT scanner under certain federal health care programs. The Board of the HSA held a public hearing on the application on July 27, 1977, and then voted to recommend that the DPA disapprove the application on the basis of certain guidelines previously established by the HSA concerning the amount of use and number of CT scanners in a particular medical service area.

On July 29, 1977, the Secretary of the DPA, William T. Paynter, M.D., purportedly acting on behalf of the DPA, approved Welborn's application. He then recommended to the Secretary of the United States Department of Health, Education and Welfare that Welborn be reimbursed if it purchased the CT scanner.

The HSA filed a petition for judicial review on August 10, 1977, alleging improprieties in the decision of the State Board of Health as the DPA. Both the State Board of Health and Welborn moved to dismiss the petition on the ground that the HSA failed to state a claim upon which relief can be granted, as provided by Ind. Rules of Procedure, Trial Rule 12(B)(6). On February 7, 1978, the Vanderburgh Circuit Court dismissed the HSA's petition for judicial review. The HSA refused to plead over and instead brought this appeal.

## ISSUE

Whether or not the HSA has exhausted its administrative remedies so that it is entitled to judicial review.

## DISCUSSION AND DECISION

The HSA admits on appeal that it has no right of review under the Social Security Act, § 1122. It contends, however, that the more recent National Health Planning and Resources Development Act of 1974 (Health Act) does provide the HSA a right of review and that it overlaps and amends the Social Security Act's procedure for making recommendations regarding reimbursement for proposed capital expenditures such as the CT scanner in question here. The HSA asserts two grounds in support of its contention that it has a right of review.

First, it notes that the Social Security Act provides for consideration by the HSA of a proposed "capital expenditure" and that the Health Act provides for consideration of a proposed "new institutional health

1. Pursuant to the National Health Planning and Resources Development Act of 1974, Pub.L. No. 93–641, 88 Stat. 2225, 42 U.S.C. § 300*l*–4 (1976).

2. Pursuant to § 1122 of the Social Security Act, Pub.L. No. 92–603, 86 Stat. 1493, 42 U.S.C. § 1320a–1 (1976).

3. Pursuant to the National Health Planning and Resources Development Act of 1974, Pub.L. No. 93–641, 88 Stat. 2225, 42 U.S.C. § 300m (1976).

service." The HSA argues that in this particular case, the CT scanner comes within the definition of both "capital expenditure"[4] and "new institutional health service."[5] Consequently, the HSA maintains that it is entitled to a review of the DPA's rejection of its recommendation regarding the CT scanner as a new institutional health service.[6]

Alternatively, the HSA maintains that even when it is acting under § 1122 of the Social Security Act,[7] it is entitled to the review mechanism provided by the Health Act because of language in the Health Act requiring the State Agency to also serve as the DPA for the purposes of § 1122.[8]

However, as Welborn has argued, the review mechanism of the Health Act requires than an HSA whose recommendation has been rejected by a State Agency *request* a review by an *agency* of the State, designated by the Governor, as provided in 42 U.S.C. § 300m–1(b)(13) (1976):

"§ 300m–1. State administrative program

\* \* \* \* \* \*

(b) Requisite features of program The State Program of a State must—

\* \* \* \* \* \*

(13) provide that if the State Agency makes a decision in the performance of a function under paragraph (3), (4), (5), or (6) of section 300m–2(a) of this title or under subchapter XIV of this chapter which is inconsistent with a recommendation made under subsection (f), (g), or (h) of section 300*l*–2 of this title by a health systems agency within the State—

(A) such decision (and the record upon which it was made) shall, upon request of the health systems agency, be reviewed, under an appeals mechanism consistent

with State law governing the practices and procedures of administrative agencies, by an agency of the State (other than the State health planning and development agency) designated by the Governor, and

(B) the decision of the reviewing agency shall for purposes of this subchapter and subchapter XIV of this chapter be considered the decision of the State health planning and development agency. \* . \* \*"

This review must be requested within 30 days of the decision by the State Agency, unless state law provides a different time limit. 42 Fed.Reg. 4030, 4031 (1977) (to be codified in 42 C.F.R. § 123.407(a)(9)).

The HSA has not even alleged that it made any request for such a review. Rather, it went directly to the Vanderburgh Circuit Court for judicial review under the Indiana Administrative Adjudication Act, Ind.Code 4–22–1–14. The HSA cites *Indiana High School Athletic Association v. Raike*, (1975) 164 Ind.App. 169, 329 N.E.2d 66, for the proposition that the rule requiring exhaustion of administrative remedies before resorting to the courts is inapplicable where it is highly doubtful that an administrative remedy is available. The HSA asserts that no reviewing agency has been designated by the Governor pursuant to 42 U.S.C. § 300m–1(b)(13), implying that a request for a review under that statute would be meaningless.

We disagree with the HSA. Assuming *arguendo* that it is entitled to a review under 42 U.S.C. § 300m–1(b)(13),[9] we are not convinced that a 'request for review would have been futile. Even if no reviewing agency has been designated, it is by no means clear that a request for a review would not have prompted the Governor to

---

4. 42 U.S.C. § 1320a–1(g) (1976); 42 C.F.R. § 100.103(a)(1) (1978).

5. 42 U.S.C. § 300n(5) (1976); 42 C.F.R. § 122.-304 (1978); 42 Fed.Reg. 4029 (1977) (to be codified in 42 C.F.R. § 123.404).

6. *See* 42 U.S.C. §§ 300m–2(a)(5), 300*l*–2(f), 300m–1(b)(13)(A) (1976).

7. 42 U.S.C. § 1320a–1 (1976).

8. *See* 42 U.S.C. §§ 300m–2(a)(4)(A), 300*l*–2(f), 300m–1(b)(13)(A) (1976).

9. Because of our holding in this case, we need not decide this or any other question raised by the HSA.

designate an agency in time to conduct a review.

We affirm the Vanderburgh Circuit Court's dismissal of the HSA's petition for judicial review.

LYBROOK and ROBERTSON, JJ., concur.